Carolyn FOSTER; Murrell Foster,
Plaintiffs–Appellants,

v.

Donald W. CAPSHAW, Individually;
et al., Defendants,

Donald W. CAPSHAW, Individually;
Bill Peek, Individually; Billy Dale
Moye, Individually; Raymond W. Jor-
dan, Individually; Valerie Farwell, In-
dividually; Billy Fox Branson, Indi-
vidually; Lanny Ramsey, Individually;
William J. Cornelius, Individually;
Caroline Craven; Individually; Mar-
garet J. Reeves, Individually; State
Bar of Texas, Defendants–Appellees.

No. 02–41605

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

Before SMITH, DEMOSS, and
STEWART, Circuit Judges.

PER CURIAM:*

The Fosters appeal the dismissal of
their Federal Racketeer Influenced and
Corrupt Organizations Act (RICO) com-
plaint for failure to state a claim pursuant
to FED. R. CIV. P. 12(b)(6). They first
contend that disqualification of the district
judge was mandated because he was a
member of the State Bar of Texas, a de-
fendant. A district judge, however, does
not have a substantial interest in the suc-
cess of a suit simply because of his identifi-
cation with a defendant bar association.
*See Parrish v. Bd. of Comm'rs of Alabama
State Bar*, 524 F.2d 98, 104 (5th Cir.1975).
The refusal to recuse was therefore not an
abuse of discretion. *See Trevino v. John-
son*, 168 F.3d 173, 178 (5th Cir.1999).

Furthermore, the district court's
Rule 12(b)(6) dismissal was not erroneous.
To state a RICO claim, a plaintiff must

---

allege, *inter alia,* a "pattern of racketeering activity," demonstrating that at least two predicate acts of racketeering are related and pose a threat of continued criminal activity. *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139–40 (5th Cir.1992). The Fosters complaint alleges only a closed-ended scheme to deprive them of their property rights. RICO, however, is not concerned with short-term criminal conduct. *Id.* at 1140. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." *Id.* (internal quotations omitted) (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 241, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.